### THOMPSON v. METROPOLITAN LIFE INS. CO.

(Supreme Court, Trial Term, Cayuga County. May, 1906.)

**1. INSURANCE—APPLICATION—REPRESENTATIONS AS TO HEALTH.**

Where a life policy was issued on a written application made by insured, providing that it should not take effect unless upon its date and delivery insured be alive and in sound health, the policy containing the same provision, the applicant, by accepting the policy, assented to the statement as a representation made by him.

[Ed. Note.—For cases in point, see vol. 28, Cent. Dig. Insurance, §§ 681–690.]

**2. SAME—MISREPRESENTATION—KNOWLEDGE OF AGENT.**

Under a life policy and an application therefor, providing that the policy should not take effect unless on its date and delivery insured was in sound health, fraud of the applicant could not be predicated on such statement, where prior to and at the time of the application the insurance company's agent had actual knowledge that the applicant was not in sound health.

[Ed. Note.—For cases in point, see vol. 28, Cent. Dig. Insurance, §§ 993, 994.]

**3. SAME—EXTENT OF KNOWLEDGE.**

Where a life policy and an application therefor provided that it should not take effect unless on its date and delivery the applicant was in sound health, the fact that the insurance company's agent was told prior to and at the time the application was made that the applicant was subject to fits did not charge the company with knowledge that the fits were epileptic.

Action by William H. Thompson against the Metropolitan Life Insurance Company. Complaint dismissed.

P. McLaughlin, for plaintiff.
Frank S. Coburn and John C. Hunter, for defendant.

ROBSON, J. It appears that David H. Thompson made written application for insurance, addressed to the defendant, which contains the following statement: "Said policy shall not take effect unless upon its date and delivery life proposed be alive and in sound health." It was upon this application that the policy in question in this action was issued. The policy thus issued contains the same provision as to the insured being in sound health at the date of the issue of the policy, and the applicant must necessarily, by accepting the policy, be held to have assented to that statement as a representation made by him.

It does not seem to be questioned by plaintiff's counsel, and certainly it could not be seriously disputed, that this provision, standing alone, unqualified by any other fact, circumstance, or agreement, would be and would operate as a representation that the applicant was then in

sound health; and if he then knew he was not in sound health, this statement in the application would be in fraud of the insuring company, and the policy issued by it, relying upon this statement, would have been obtained by fraud. It is sought to avoid this necessary result by proof that defendant, through its agent, Regan, had, at and prior to the time this application was made, actual knowledge of the only physical ailment from which the applicant then suffered. If this were the case, then it would doubtless be true that defendant would be chargeable with knowledge which its agent possessed, and if he knew or had been informed of the disease from which plaintiff was then suffering, no fraud of the applicant could be predicated upon the statement in the application. But it clearly appears that the applicant had from the age of seven or eight years suffered from fits, one of the seizures eventually causing his death. It also appears by the testimony of a number of disinterested witnesses, whose veracity is not in any manner attacked, that he knew these seizures were epileptic. Giving the testimony offered in plaintiff's behalf. the fullest credence and broadest meaning, it is limited to the fact that Regan was told, prior to and at the time the application was made, that the applicant was subject to fits. That he was advised or that any intimation was given that these fits were epileptic in their character, or that any further information or suggestion in regard to them was given him, is not claimed. But, as I have already said, the applicant knew that these fits were epileptic—knew at the time that he had epilepsy. The jury cannot be permitted to speculate as to whether the agent, informed that the applicant was subject to fits, must for that reason have known that the fits were epileptic. It was the duty of the applicant to give the agent the advantage of his personal knowledge of their character, and, having failed to do so, the same result follows that would necessarily follow had nothing been said on the subject except the statement contained in the application, and the complaint must be dismissed.